UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRIANT WATER AUTHORITY,** *et al.*,<br><br>   **Plaintiffs,**<br><br>   v.<br><br>**SALLY JEWELL, as Secretary of the UNITED STATES DEPARTMENT OF THE INTERIOR,** *et al.*,<br><br>   **Defendants.** | **Case No. 1:14-CV-000765-LJO-BAM**<br><br>**MEMORANDUM DECISION AND ORDER RE SAN LUIS & DELTA MENDOTA WATER AUTHORITY'S AND WESTLANDS' MOTION TO INTERVENE (DOC. 31)** |

## I. INTRODUCTION/BACKGROUND

This suit concerns the United States Bureau of Reclamation's ("Reclamation") release of water from Millerton Lake/Friant Dam, features of the Friant Unit of the Central Valley Project ("CVP"), to supply water to the San Joaquin River Exchange Contractors Authority and its member districts ("Exchange Contractors"). The Friant Water Authority and its member agencies (collectively, "Plaintiffs"), which also contact for and depend upon water deliveries from the Friant Unit, acknowledge the priority of the Exchange Contractors' contracts with Reclamation, but allege that Reclamation's actions are unlawful because the Exchange Contractors' demands should be satisfied first from sources other than Millerton. Doc. 1. Plaintiffs further allege that Reclamation's actions are causing them harm because water released from Millerton will not be available to satisfy Plaintiffs' own needs.

Plaintiffs name as defendants in this action Reclamation and related federal entities and officers, as well as two water districts that manage wildlife refuges in the San Joaquin Valley, Grassland Water

1

District ("GWD"), and Grassland Resource Conservation District ("GRCD") (collectively, "Grasslands"), which districts Plaintiffs maintain are receiving water from sources other than Millerton, water that Plaintiffs allege should be delivered to the Exchange Contractors to prevent the need for releases from Millerton.

On May 20, 2014, Plaintiffs filed a motion for a temporary restraining order that would, among other things, require the Bureau to provide water to the Exchange Contractors from sources other than Millerton. On May 22, 2014, San Luis & Delta-Mendota Water Authority ("SLDMWA") and Westlands Water District ("Westlands) (collectively, "Applicants") moved to intervene in this matter as of right or in the alternative for permissive intervention. Doc. 32.

## II. INTERVENTION AS OF RIGHT.

**A.      Applicants.**

SLDMWA was formed in 1992 as a joint powers authority, and has its principal office in Los Banos, California. Declaration of Daniel Nelson, Doc. 35, at ¶ 2. SLDMWA is comprised of 28 member water agencies that contract with the United States for water supply stored, pumped and conveyed by the CVP. *Id*. SLDMWA also operates and maintains certain CVP facilities under a contract with Reclamation. *Id*. at ¶ 4. One such facility is the Jones Pumping Plant, located in the southern portion of the Delta, near the City of Tracy. *Id*. SLDMWA also operates and maintains the Delta-Mendota Canal, which delivers water to member agencies. *Id*. The SLDMWA member agencies serve areas on the west side of the San Joaquin Valley south of the Delta. The water supplied to SLDMWA's member agencies is pumped from the Delta through the Jones Pumping Plant and has been used to meet the water supply needs of over 2.8 million acres of agricultural lands within areas of San Joaquin, Stanislaus, Merced, Fresno, Kings, San Benito and Santa Clara Counties. *Id*. at ¶ 6. Member agencies also provide approximately 350,000 acre-feet of water to wildlife refuges for habitat enhancement and restoration activities. *Id*. Finally, these water supplies support municipal and industrial uses, including within the City of Tracy and urban areas within Santa Clara County. *Id*.

Westlands is a member agency of SLDMWA. Declaration of Russell Freeman, Doc. 33, at ¶ 1.

Westlands contracts with Reclamation to receive water through the San Luis Unit of the CVP, for distribution and consumption within areas of Fresno and Kings Counties. *Id*. at ¶ 2. Westlands' total contractual entitlement from the CVP under this contract is 1.15 million acre feet per year. *Id*. In addition, Westlands holds 43,500 acre-feet of water entitlement in the form of contract assignments from other districts including Broadview Water District, Centinella Water District, Widren Water District, and Oro Loma Water District. *Id*. Most of this CVP water supply is used for irrigation. *Id*. Westlands encompasses approximately 600,000 acres. *Id*.

Applicants move to intervene as of right or, in the alternative, to permissively intervene.

**B.     Intervention as of Right.**

    **1.     Legal Standard.**

Intervention is governed by Federal Rule of Civil Procedure 24. To intervene as a matter of right under Rule 24(a)(2), an applicant must claim an interest, the protection of which may, as a practical matter, be impaired or impeded if the lawsuit proceeds without the applicant. *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). The Ninth Circuit applies Rule 24(a) liberally, in favor of intervention, and requires a district court to "take all well-pleaded, non-conclusory allegations in the motion as true absent sham, frivolity or other objections." *S.W. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 820 (9th Cir. 2001). A four-part test is used to evaluate a motion for intervention of right:

> (1) the motion must be timely;
>
> (2)     the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;
>
> (3)     the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and
>
> (4)     the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc.,* 630 F.3d at 1177.

    **2.     Timeliness.**

In assessing timeliness, courts in the Ninth Circuit must consider: (1) the current stage of the proceedings; (2) whether the existing parties would be prejudiced; and (3) the reason for any delay in moving to intervene. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Applicants moved to intervene two days after this action was initiated. There can be no debate that the motion is timely.

### 3. **Significant Protectable Interests/Impairment of Interests.**

Here, it is practical to treat the third and fourth factors together. To demonstrate a "significantly protectable interest," "a prospective intervenor must establish that (1) the interest asserted is protectable under some law, and (2) there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc.*, 630 F.3d at 1181. Finally, intervention of right is only appropriate where disposition of this action may, as a practical matter, impair or impede Applicants' abilities to protect their interests. This requirement demands only a showing that the applicant "would be substantially affected in a practical sense by the determination made in an action." *S.W. Ctr.*, 268 F.3d at 822.

Here, the relief Plaintiffs seek would further limit Reclamation's already limited discretion and ability to allocate CVP shortages among CVP contractors. Such a ruling would likely reduce the water supplies available to the areas served by Applicants, by providing Plaintiffs a priority to water (at least vis-à-vis CVP contractors such as Applicants). Applicants possess contractually protected interests in deliveries from the CVP. In light of the potential adverse consequences to Applicants' interests if Plaintiffs obtain the relief they seek, the Court concludes that Applicants have satisfied the third and fourth prongs of the intervention as of right test.

### 4. **Existing Parties' Ability to Represent Applicants' Interests.**

The remaining issue is whether Applicants' interests are adequately protected by other parties. In assessing the adequacy of representation, the Ninth Circuit looks at three factors:

(1) whether the existing parties will undoubtedly make all of the applicant's arguments;

(2) whether the existing parties are capable of and willing to make the applicant's arguments; and

(3) whether the applicant offers a necessary element to the proceedings that otherwise would be neglected.

*Id*. at 823. "[T]he requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests may be inadequate.... [T]he burden of making this showing is minimal." *Sagebrush Rebellion Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

It is "well-settled precedent in this circuit" that "[w]here an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *League of United Latin Am. Citizens*, 131 F.3d at 1305; *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). This presumption is triggered here because Applicants and Federal Defendants share a similar objective of upholding Reclamation's releases from Millerton. However, the presumption is rebuttable upon a showing that the applicant and the existing parties "do not have sufficiently congruent interests." *S.W. Ctr.*, 268 F.3d at 823.

Applicants' interests diverge from existing Federal Defendants, who, as operators of the entire CVP, have responsibilities to protect multiple interests. *See Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (finding federal defendant with interest in management of a resource did not have interests identical to an entity with economic interests in the use of that resource). Moreover, Applicants are particularly concerned that imposing additional constraints upon Reclamation's discretion would increase the likelihood that Reclamation would impose shortages upon Applicants, a concern that, while assuredly shared by Reclamation, is not of equal import to or impact upon Reclamation itself.

Applicants satisfy all of the requirements for intervention as a matter of right. It is not necessary to address Applicants' alternative request for permissive intervention.

### III. CONCLUSION

Applicants' motion to intervene as a defendant as a matter of right is GRANTED, conditioned upon strictly limiting their participation solely to issues about which they can provide non-repetitive, unique information and/or arguments. The Court notes that Applicants' brief in opposition to the

5

pending request for a temporary restraining order substantially overlaps with those filed by other parties.

In the future, the parties shall meet and confer in an effort to avoid such duplication.

**SO ORDERED**
**Dated: May 27, 2014**

                                       **/s/ Lawrence J. O'Neill**
                                       **United States District Judge**