# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRIANT WATER AUTHORITY,** *et al.*, | Case No. 1:14-CV-000765-LJO-BAM |
| **Plaintiffs,** | MEMORANDUM DECISION AND ORDER GRANTING GRASSLANDS PARTIES' MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING MOTION TO TRANSFER (DOCS. 69 & 73) |
| v. | |
| **SALLY JEWELL, as Secretary of the UNITED STATES DEPARTMENT OF THE INTERIOR,** *et al.*, | |
| **Defendants.** | |

## I. INTRODUCTION/BACKGROUND

This suit concerns the United States Bureau of Reclamation's ("Reclamation") release of water from Millerton Lake and Friant Dam, features of the Friant Unit of the Central Valley Project ("CVP"), to supply water to the San Joaquin River Exchange Contractors Authority and its member districts ("Exchange Contractors")[1]. Friant Water Authority and its member agencies (collectively, "Plaintiffs"), which also contract for and depend upon water deliveries from the Friant Unit, acknowledge the priority of the Exchange Contractors' contracts with Reclamation, but allege that Reclamation's actions were unlawful because the Exchange Contractors' demands should be satisfied first from sources other than Millerton. *See generally* Doc. 64, Corrected First Amended Complaint ("FAC").

Plaintiffs' original complaint named as defendants in this action Reclamation and related federal entities and officers ("Federal Defendants"), as well as two water districts that manage wildlife refuges in the San Joaquin Valley, Grassland Water District ("GWD"), and Grassland Resource Conservation District ("GRCD") (collectively, "Grasslands"), which districts Plaintiffs maintain are receiving water

---

[1] San Joaquin River Exchange Contractors Authority is made up of the Central California Irrigation District, the San Luis Canal Company, Firebaugh Canal Water District and Columbia Canal Company. Doc. 24 at 2.

1

from sources other than Millerton, water that Plaintiffs allege should be delivered to the Exchange Contractors to prevent the need for releases from Millerton. Doc. 1. The original complaint alleged that Federal Defendants' conduct violated various provisions of federal law and the Administrative Procedure Act ("APA), 5 U.S.C. § 701 *et seq*., and requested adjudication of rights under the contracts between Plaintiffs, Grasslands, and Federal Defendants. *Id*.

On May 20, 2014, Plaintiffs filed a motion for a temporary restraining order that would have, among other things, required the Bureau to provide water to the Exchange Contractors from sources other than Millerton. Doc. 3. On May 22, 2014, the Exchange Contractors moved to intervene in this matter as of right or in the alternative for permissive intervention. Doc. 24. On May 27, 2014, this Court granted the Exchange Contractors' motion to intervene and denied the motion for a temporary restraining order. Docs. 44 & 45.

On July 28, 2014, Plaintiffs filed an amended complaint, naming only Federal Defendants as defendants and raising two breach of contract claims and a takings claim. Doc. 62. Plaintiffs filed a corrected version of the FAC a few days later. Doc. 64.

On August 29, 2014, Plaintiffs filed a motion to transfer venue to the Court of Federal Claims. Doc. 71. On the same day, Grasslands filed a motion to intervene, Doc. 69, which Grasslands later clarified was a motion to intervene only for the purpose of being heard in connection with the motion to transfer. Docs 73 & 84. Plaintiffs thereafter filed a "Notice of Statutory Stay" in which they asserted that 28 U.S.C. § 1292(d)(4)(B) prohibits this court from entertaining any motions while a motion to transfer venue to the Court of Federal Claims is pending. Doc. 74. For reasons explained in greater detail below, the Court determined that § 1292(d)(4)(B) did not preclude consideration of the pending motion to intervene. The Court also determined that judicial and party efficiency would be served by hearing and deciding the motion to intervene before the motion to transfer venue. Doc. 82.

Federal Defendants do not oppose Grasslands' limited motion to intervene, Doc. 73, but Plaintiffs did file an opposition, Doc. 75, to which Grasslands replied. Doc. 84. The motion to intervene was taken under submission without oral argument pursuant to Local Rule 230(g).

## II. DISCUSSION

A. **28 U.S.C. § 1292(d)(4)(B).**

28 U.S.C. § 1292(d)(4)(B) stays most proceedings while a motion to transfer to the Court of Federal Claims is pending:

> When a motion to transfer an action to the Court of Federal Claims is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion. If an appeal is taken from the district court's grant or denial of the motion, proceedings shall be further stayed until the appeal has been decided by the Court of Appeals for the Federal Circuit. The stay of proceedings in the district court shall not bar the granting of preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary. However, during the period in which proceedings are stayed as provided in this subparagraph, no transfer to the Court of Federal Claims pursuant to the motion shall be carried out

Section 1292(d)(4)(B) does not bar a district court from considering requests for preliminary or injunctive relief, "where appropriate and where expedition is reasonably necessary." Section 1292(d)(4)(B) says nothing about motions to intervene, yet at least one district court in California has ruled on a motion to intervene during a § 1292(d)(4)(B) statutory stay. *See Patriot Contract Services v. United States*, 388 F. Supp. 2d 1010, 1014, n. 1 (N.D. Cal. 2005). While the intervenors at issue in *Patriot* specifically sought to intervene so they could be heard on a motion for injunctive relief (an enumerated exception to the stay), this Court cannot fathom why the result should be different where a proposed intervenor seek to be heard on the motion to transfer that triggered the statutory stay in the first place.

As Grasslands points out, the legislative history of § 1292(d)(4)(B) indicates that the statute was intended to stay proceedings on the merits of a case. Relevant legislative history is quoted in *Consolidated Edison Company of New York v. United States*, 54 F. Supp. 2d 364, 365 (S.D.N.Y. 1999):

> To further assure that the trial proceedings <u>on the merits</u> do not go forward until the jurisdictional question is resolved, [subsection (d)(4)(B) ] also provides that proceedings in the district court shall be stayed until sixty days after the district court has ruled upon the motion to transfer.… However, the stay of proceedings would not bar the granting of preliminary or interim relief under circumstances where it would otherwise be appropriate and where expedition is reasonably necessary. In some cases, a delay of even sixty days could serve to deprive a litigant of important rights or even the primary

3

> objective of the litigation. To foreclose the possibility that motions to transfer may be filed solely for the purpose of delaying proceedings where time is of the essence, this exception will permit the granting of extraordinary relief while still postponing consideration <u>of the merits</u> until after jurisdictional questions are resolved.
>
> H.R. Rep. No. 100–889, 52, reprinted in 1988 U.S.C.C.A.N. 5982, 6013, 1988 WL 169934.

(Emphasis added). Ruling on the pending motion to intervene does not permit this case to move forward on the merits; rather, it ensures a full and fair airing of the issues presented in the motion to transfer. Section 1292(d)(4)(B) does not bar this Court from hearing the pending motion to intervene for purposes of being heard on the motion to transfer.

B. **Intervention.**

    1. **Applicants.**

GWD is a California public agency organized under the California Water District Law, California Water Code § 34000 *et seq.*, with its principal office in Los Banos, California. GWD contracts with the United States for water supplies that are stored, pumped and conveyed by the CVP. Under its CVP contract, GWD annually receives and conveys up to 125,000 acre-feet of CVP water ("Level 2" water), and up to 55,000 acre-feet of water from diverse sources ("Incremental Level 4" water), to the privately managed wetland habitat areas within GRCD. GWD also conveys approximately 30,000 acre-feet of Level 2 CVP water to federal wildlife refuges and state wildlife areas each year, under agreement with Reclamation. The total amount of habitat served by GWD is approximately 75,000 acres.

GRCD is a California public agency organized under the California Resource Conservation District law, California Public Resources Code § 9151 *et seq.*, with its principal office in Los Banos, California. CVPIA section 3406(d) lists GRCD as one of 19 wildlife refuges that shall receive firm water supplies from the CVP. GRCD receives these supplies through the water conveyance and delivery system of GWD. GRCD and surrounding refuges within the Grasslands Ecological Area provide crucial habitat to migratory birds, threatened and endangered species, and other wildlife.

Collectively, GWD and GRCD move to intervene as of right or, in the alternative, to

permissively intervene.

**2.    Intervention as of Right.**

    **a.    Legal Standard.**

Intervention is governed by Federal Rule of Civil Procedure 24. To intervene as a matter of right under Rule 24(a)(2), an applicant must claim an interest, the protection of which may, as a practical matter, be impaired or impeded if the lawsuit proceeds without the applicant. *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). The Ninth Circuit applies Rule 24(a) liberally, in favor of intervention, and requires a district court to "take all well-pleaded, non-conclusory allegations in the motion as true absent sham, frivolity or other objections." *S.W. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 820 (9th Cir. 2001). A four-part test is used to evaluate a motion for intervention of right:

    (1)    §the motion must be timely;

    (2)    the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;

    (3)    the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and

    (4)    the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc.,* 630 F.3d at 1177.

    **b.    Timeliness.**

In assessing timeliness, courts in the Ninth Circuit must consider: (1) the current stage of the proceedings; (2) whether the existing parties would be prejudiced; and (3) the reason for any delay in moving to intervene. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Grasslands moved to intervene shortly after Plaintiffs filed their FAC, which omitted the Grasslands parties as defendants, and before the deadline for responses to the FAC. The motion was filed on the same day as Plaintiffs' motion to transfer. The motion to intervene is timely.

### c. **Significant Protectable Interests.**

To demonstrate a "significantly protectable interest," "a prospective intervenor must establish that (1) the interest asserted is protectable under some law, and (2) there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc.*, 630 F.3d at 1181.

Here, among other things, Plaintiffs allege that Federal Defendants' "decision to supply available water to the Grassland and other wildlife refuges was not required by the [Central Valley Project Improvement Act, Pub. L. No. 102–575, 106 Stat. 4600 (1992)], and is contrary to law..." FAC ¶ 107. Grassland has a significant and unique interest in any judicial interpretation of the relevant provisions of the CVPIA and/or of the long-term contract between Grassland and Reclamation pursuant to the CVPIA, as any such interpretations may impact Reclamation's allocation of water to Grassland in the future. These interests are "protectable under some law" because they are protected by, among other things, the CVPIA.

Moreover, it is indisputable that there is a relationship between these legally protected interests and the claims in this action, because Plaintiffs have challenged Reclamation's water allocation to Grasslands. Plaintiffs seek a declaration that Reclamation's decision to supply available water to Grasslands "was not required by the CVPIA, and is contrary to law and the terms of the contracts." *Id*. Plaintiffs' reliance on *Wolfsen Land & Cattle Co*., 98 Fed. Cl. 507 (Cl. Ct. 2011), to oppose intervention is unpersuasive. *Wolfsen* concerned a takings claim in which the "sole direct result of a judgment in favor of the plaintiff is a monetary award from the government." *Id*. at 513. In such a circumstance, the possibility that an adverse judgment might alter the behavior of a government agency was insufficient to establish the right to intervene. *See id*. Here, by contrast, Plaintiffs' breach of contract action explicitly requests a declaration that Reclamation's conduct was unlawful. *Wolfsen* is inapposite.[2]

Even if the Court were to narrow its focus to an examination of whether Grasslands' protectable

---

[2] For similar reasons, Plaintiffs' reliance on *McDonald v. Means*, 309 F.3d 530, 541 (9th Cir. 2002), is likewise unpersuasive. There, the Ninth Circuit held that a potential intervenor lacked sufficient interest to intervene in connection with a jurisdictional motion, where the proposed intervenor's interest was limited to the generic jurisdictional issue and proposed intervenor lacked any direct stake in the underlying claims on the merits. Here, as discussed above, Grasslands does have a stake in the claims on the merits.

interests were related to the motion to transfer, the conclusion would not change. Grasslands claims it would be disadvantaged by a transfer to the Court of Federal Claims because, among other things, it would thereafter be required to present arguments to a Court with less experience in the complex workings of the CVP. *See* Doc. 84 at 5. This is a legitimate concern related to the issue of transfer.

### d. **Impairment of Interests.**

Intervention of right is only appropriate where disposition of this action may, as a practical matter, impair or impede a proposed intervenor's ability to protect its interests. This requirement demands only a showing that the proposed intervenor "would be substantially affected in a practical sense by the determination made in an action." *S.W. Ctr.*, 268 F.3d at 822. If Plaintiffs succeed on their breach of contract and takings claims, such a resolution will undoubtedly impair Grasslands' ability to protect its interests.

### e. **Existing Parties' Ability to Represent Grasslands' Interests.**

The remaining issue is whether Grasslands' interests are adequately protected by other parties. In assessing the adequacy of representation, the Ninth Circuit looks at three factors:

(1) whether the existing parties will undoubtedly make all of the applicant's arguments;

(2) whether the existing parties are capable of and willing to make the applicant's arguments; and

(3) whether the applicant offers a necessary element to the proceedings that otherwise would be neglected.

*Id*. at 823. "[T]he requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests may be inadequate.... [T]he burden of making this showing is minimal." *Sagebrush Rebellion Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

It is "well-settled precedent in this circuit" that "[w]here an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *League of United Latin Am. Citizens*, 131 F.3d at 1305; *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). This presumption is at least arguably triggered here because Grasslands and

Federal Defendants share a similar objective of upholding Reclamation's actions. However, the presumption is rebuttable upon a showing that the applicant and the existing parties "do not have sufficiently congruent interests." *S.W. Ctr.*, 268 F.3d at 823.

Grasslands interests in the motion to transfer diverge from those of Federal Defendants. Among other things, Federal Defendants have indicated that they do not intend to oppose transfer. Doc. 71 at 2, 7. Whether Grasslands will ultimately be successful in resisting the transfer remains to be seen. They will, however, be heard in opposition.

### III. CONCLUSION

Grasslands' motion to intervene as a matter of right is GRANTED.

IT IS SO ORDERED.

Dated:   **October 17, 2014**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE